UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES, | : | CRIMINAL CASE NO. |
| | : | 3:18-cr-165 (JCH) |
| v. | : | |
| | : | |
| CARLOS DELGADO, | : | NOVEMBER 15, 2019 |
| Defendant. | : | |
| | : | |
| | : | |

## ORDER

On August 7, 2018 the Grand Jury returned an Indictment against Carlos Delgado ("Delgado"). Indictment (Doc. No. 1). An Arraignment was held on August 29, 2018, and Delgado pled not guilty on Counts 1-5 of the indictment. (Doc. No. 30). On August 21, 2019, the Grand Jury returned a Second Superseding Indictment (Doc. No. 138), on which Delgado was arraigned on August 28, 2019 (Doc. No. 140).

Jury Selection in this case is currently scheduled for December 2, 2019, having been continued several times. The Pretrial Conference is scheduled for next Friday, November 22, 2019, before the undersigned. (Doc. No. 190). In addition, a hearing pursuant to Missouri v. Frye, 132 S. Ct. 1399 (2012), is scheduled for November 21, 2019, before Magistrate Judge Sarah A. L. Merriam. (Doc. No. 207).

On November 13, 2019, defense counsel informed the court and the government that Delgado will not agree to be transported to court on November 21 and November 22, 2019. Delgado informed his counsel that he fell off his bunk at the Wyatt Detention Facility in August, that he has not received adequate medical attention, and that he will not agree to be transported to court until his medical condition has been addressed. The court spoke to the United States Marshal Service and was informed that the

Marshal Service had obtained records of Delgado's injury and medical treatment. The court has docketed under seal copies of the records the Marshal Service was able to obtain. See Exhibits (Doc. No. 221). On review, those records show that Delgado has received medical attention. The court also notes that this is not the first time Delgado has refused to appear before the court. See, e.g., Order (Doc. No. 164) (noting that Delgado did not attend a hearing on October 8, 2019, in order to observe a Jewish holiday); Order (Doc. No. 168) (noting that Delgado did not attend a hearing on October 15, 2019, for the same reason).

Delgado has the right, pursuant to the Sixth Amendment of the United States Constitution, to be present at his criminal trial; further, due process protects his right "to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." Grayton v. Ercole, 691 F.3d 165, 170 (2d Cir. 2012) (quoting Snyder v. Massachusetts, 291 U.S. 97, 105–06 (1934)); see also Fed. R. Crim. P. 43 (requiring the defendant's presence at all stages of trial). Delgado can waive his right to be present at trial, but only if he does so "knowingly and voluntarily." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000). For Delgado to waive his right to be present at later court proceedings "knowingly and voluntarily," this court must inform him of his rights and the consequences of his choice to waive them. It can only do so if Delgado appears. The court intends to discuss Delgado's rights with him at the Pretrial Conference next week; thus, it will require Delgado's presence. Further, the court notes that it has now been over a year since Delgado's first arraignment and the court has, thus far, granted four continuances.

The court has the power to order the United States Marshal Service to take Delgado into custody, using reasonable force, and deliver him to the courthouse. See, e.g., Order (Doc. No. 40), U.S. v. Page, No. 17-cr-279 (AWT) at 3, 4-5 (ordering United States Marshal Service to use reasonable force as necessary to bring defendant to arraignment). In other circumstances, a court might find a party unwilling to appear in contempt and order him held in custody until he became willing to comply with the court's orders. Here, such a sanction would be "meaningless," as Delgado is already in custody. Id. at 4-5. In such cases, other courts have found it appropriate to direct the United States Marshal Service to deliver a defendant to the courthouse using "such reasonable force as may be necessary." Id. at 6; see also Appeal of Maguire, 571 F.2d 676, 677 (1st Cir. 1978) (ordering production of an incarcerated suspect at a Grand Jury lineup).

Delgado is advised that, should he fail to attend the Frye hearing on November 21, the court **will issue an order directing the Marshal Service to take him into its custody, using reasonable force if necessary, and deliver him to the United States District Court, District of Connecticut, on November 22, 2019, for the Pretrial Conference before the undersigned**. That Order will direct that the United States Marshal Service may seek the assistance of staff of the Wyatt Detention Facility as necessary to execute that Order. The court reminds Delgado that a person who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person . . . while engaged in or on account of the performance of official duties" may be charged with a federal criminal offense. 18 U.S.C. §111(a)(1).

3

A copy of this Order shall be served on Delgado, in person, by a Deputy United States Marshal, at the Wyatt Detention Facility as soon as reasonably possible, but no later than 5 p.m. on Monday November 18, 2018.

**SO ORDERED.**

Dated this 15th day of November 2019, at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge