## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES, | : | CRIMINAL CASE NO. |
| | : | 3:18-cr-165 (JCH) |
| v. | : | |
| | : | |
| CARLOS DELGADO, | : | JANUARY 17, 2020 |
| Defendant. | : | |
| | : | |

## ORDER

On August 7, 2018, the Grand Jury returned an Indictment against Carlos Delgado ("Delgado"). Indictment (Doc. No. 1). An Arraignment was held on August 29, 2018, and Delgado pled not guilty on Counts 1-5 of the indictment. (Doc. No. 30). On August 21, 2019, the Grand Jury returned a Second Superseding Indictment (Doc. No. 138), on which Delgado was arraigned on August 28, 2019 (Doc. No. 140).

The trial in this case commenced on January 15, 2020, and the evidence began on the following day, January 16, 2020. See Minute Entry for Proceedings (Doc. No. 278).

Previously, Mr. Delgado has refused to come to court for scheduled hearings. (Doc. No. 222). The court has fully canvassed Mr. Delgado on his right to be present and his right to refuse to be present.

The court has been advised that he has, this morning, on the second day of trial, refused to board the transport vehicle to come to court. After inquiry by the court, there appears to be no reason why he is refusing, albeit he has complained of "stomach problems." In order to afford Mr. Delgado his rights to be present at the trial, or to exercise his right to absent himself, the court orders the U.S. Marshal Service to bring

him to court this morning. See Grayton v. Ercole, 691 F.3d 165, 170-71 (2d Cir. 2012) (discussing the defendant's right to be present and noting that "[t]he opportunity for cross-examination, protected by the Confrontation Clause, is critical for ensuring the integrity of the fact-finding process.") (internal quotation omitted); see also Fed. R. Crim. P. 43 (requiring the defendant's presence at all stages of trial); Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (noting that a defendant can waive his right to be present "knowingly and voluntarily.")

The court has the power to order the United States Marshal Service to take Delgado into custody, using reasonable force, and deliver him to the courthouse. See, e.g., Order (Doc. No. 40), U.S. v. Page, No. 17-cr-279 (AWT) at 3, 4-5 (ordering United States Marshal Service to use reasonable force as necessary to bring defendant to arraignment). In other circumstances, a court might find a party unwilling to appear in contempt and order him held in custody until he became willing to comply with the court's orders. Here, such a sanction would be "meaningless," as Delgado is already in custody. Id. at 4-5. In such cases, other courts have found it appropriate to direct the United States Marshal Service to deliver a defendant to the courthouse using "such reasonable force as may be necessary." Id. at 6; see also Appeal of Maguire, 571 F.2d 676, 677 (1st Cir. 1978) (ordering production of an incarcerated suspect at a Grand Jury lineup).

The court finds that it is necessary and appropriate to order the United States Marshal Service to take action to deliver Mr. Delgado to the courthouse for trial, so that he may conduct the trial as a pro se defendant, as he elected to do before jury

selection, or that he may willingly absent himself from the trial, so that his standby counsel can conduct the defense.

The court hereby orders the U.S. Marshal Service to use **reasonable force if necessary to deliver Mr. Delgado to the United States District Court, District of Connecticut, as soon as possible on January 17, 2019, for trial before the undersigned**. The United States Marshal Service may use the assistance of personnel of the Donald W. Wyatt Detention Center, as necessary, to execute this Order.

The court presumes that Mr. Delgado will cooperate with the Marshals who are directed to bring him to court. The court reminds Mr. Delgado that a person who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person . . . while engaged in or on account of the performance of official duties" may be charged with a federal criminal offense. 18 U.S.C. §111(a)(1).

A copy of this Order shall be served on Mr. Delgado, in person, by a Deputy United States Marshal, at the Wyatt Detention Facility as soon as reasonably possible. **SO ORDERED.**

Dated this 17th day of January 2020, at New Haven, Connecticut.

/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge